UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GHOST CITY TOURS OF GEORGIA, LLC, *<br>*Plaintiff* | | CIVIL ACTION NO. |
| VERSUS * | | JUDGE: |
| US GHOST ADVENTURES, LLC, and *<br>LANCE ZAAL,<br>*Defendants* | | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1.

Plaintiff Ghost City Tours of Georgia, LLC ("Ghost City") brings this civil action under the Lanham Act, 15 U.S.C. § 1125(a), and related state laws, to enjoin and remedy Defendants' unauthorized use of the name "Dead of Night" in connection with competing ghost tour services in Savannah, Georgia. For more than a decade, Ghost City has continuously operated and advertised its Dead of Night Ghost Tour, a well-known, signature tour that has acquired substantial goodwill and distinctiveness among consumers and within the travel industry.

2.

Defendants, operating under the brand "US Ghost Adventures" and "Savannah Ghost Tour," have recently begun promoting and selling a tour in Savannah titled "Savannah Terrors Ultimate Dead of Night Haunted Ghost Tour." This deliberate use of Ghost City's mark for identical services in the same geographic market creates a false association, causes

1

consumer confusion, and unjustly capitalizes on Ghost City's established reputation and goodwill.

3.

Ghost City's Georgia service-mark application for THE DEAD OF NIGHT GHOST TOUR is presently pending with the Georgia Secretary of State, reflecting its ongoing and good-faith assertion of rights arising from continuous use since at least 2012.

## II. JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)–(b) and 15 U.S.C. § 1121, because the claims arise under the Lanham Act and related unfair competition laws.

5.

This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.

Defendant US Ghost Adventures, LLC is subject to personal jurisdiction in this District pursuant to La. R.S. 13:3201(A) and general principles of due process, because it is registered to do business in Louisiana, maintains its registered office and principal business establishment at 640 Governor Nicholls Street, New Orleans, Louisiana 70116, and conducts continuous and systematic business operations within the Eastern District of Louisiana.

7.

Defendant Lance Zaal is an individual domiciled in the State of Louisiana, residing within this District. He is the registered agent, managing member, and controlling principal of US Ghost Adventures, LLC, and personally directed, approved, or participated in the acts of unfair competition and false designation of origin alleged herein. Accordingly, he is subject to the personal jurisdiction of this Court.

8.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District for venue purposes and because a substantial part of the acts and omissions giving rise to the claims—including the planning, marketing, and coordination of the infringing "Ultimate Dead of Night Haunted Ghost Tour" in Savannah—were carried out from or through Defendants' Louisiana operations. For venue purposes, USGA is deemed to reside in this District under 28 U.S.C. § 1391(c)(2), and Zaal is deemed to reside in this District under 28 U.S.C. § 1391(c)(1).

9.

The exercise of jurisdiction and venue in this Court serves the interests of justice and judicial efficiency, as Defendants' business records, management, and operational activities are located within the Eastern District of Louisiana, and the witnesses and evidence relevant to the claims are accessible here.

### III. PARTIES

10.

Plaintiff Ghost City Tours of Georgia, LLC ("Ghost City") is a Georgia limited liability company with its principal place of business in Savannah, Georgia. Ghost City has

operated ghost tours and related entertainment experiences in Savannah and other U.S. cities since at least 2012, including its long-standing and well-known Dead of Night Ghost Tour. Ghost City's tour operations, marketing, and booking activities are conducted in interstate commerce, including to and from this District. Ghost City is the owner of all common-law rights in and to the Dead of Night name as used in connection with ghost-tour services and related entertainment offerings, and it has a service-mark application currently pending with the Georgia Secretary of State for THE DEAD OF NIGHT GHOST TOUR.

11.

Defendant US Ghost Adventures, LLC ("USGA") is a Virginia limited liability company registered and authorized to do business in Louisiana, with its registered office, principal Louisiana business establishment, and mailing address at 640 Governor Nicholls Street, New Orleans, Louisiana 70116. USGA advertises and conducts ghost tours throughout the United States under various brand names, including "Savannah Ghost Tour" and "Savannah Terrors." USGA offers, markets, and sells its tours in interstate commerce, including transactions directed to and from this District.

12.

Defendant Lance Zaal ("Zaal") is an individual domiciled in the State of Louisiana, residing within this District. Zaal is the managing member, registered agent, and controlling principal of US Ghost Adventures, LLC. Upon information and belief, Zaal personally directed, approved, or participated in the selection, marketing, and use of the infringing tour name "Ultimate Dead of Night Haunted Ghost Tour," and he exercises active control over the company's operations, promotional materials, and online listings.

## IV. FACTUAL BACKGROUND

13.

Since at least 2012, Plaintiff Ghost City Tours of Georgia, LLC has continuously operated and advertised its Dead of Night Ghost Tour in Savannah, Georgia. The Dead of Night tour is one of Ghost City's signature offerings and has become widely recognized among tourists, travel writers, and online booking platforms for its late-night format and historically based storytelling. Through over a decade of uninterrupted use, Ghost City's Dead of Night name has acquired substantial goodwill and secondary meaning, identifying Ghost City as the exclusive source of that tour experience in Savannah and beyond.

14.

Plaintiff has also initiated a concurrent-use federal trademark application with the United States Patent and Trademark Office seeking registration of THE DEAD OF NIGHT GHOST TOUR limited to its established geographic territory of Savannah, Georgia, to reflect its senior, continuous use since 2012.

15.

Ghost City's Dead of Night tour has been featured and reviewed by independent consumers on public travel platforms since at least 2012, demonstrating its continuous and well-known use in commerce. Representative TripAdvisor reviews dated November 6, 2012; July 1, 2013; and November 11, 2013 reference Ghost City's "Dead of Night Tour" by name and document tourists' experiences in Savannah under that mark. These materials predate Defendants' existence and entry into the Savannah market and establish Ghost City's

longstanding reputation as the originator and exclusive provider of the Dead of Night tour experience. True and correct copies of these reviews are attached as Exhibits A–C.[1]

16.

Defendant US Ghost Adventures, LLC, operating under the brand "Savannah Ghost Tour" and directed by Lance Zaal, subsequently began marketing and selling a directly competing tour in Savannah under the title "Savannah Terrors Ultimate Dead of Night Haunted Ghost Tour." Defendants' adoption and use of the identical Dead of Night wording for ghost-tour services offered in the same city and through the same marketing channels was intentional and designed to benefit from Ghost City's reputation and established goodwill.

17.

Because both parties offer identical services—ghost-tour experiences in Savannah—targeted to the same pool of tourists through the same booking platforms and online search channels, Defendants' use of the Dead of Night name is likely to cause confusion among consumers as to the source, affiliation, or sponsorship of the services. Tourists encountering Defendants' "Ultimate Dead of Night" tour on search engines, review sites, or aggregator platforms are likely to believe it is sponsored by or associated with Ghost City. This confusion is heightened by Ghost City's senior use of the distinctive Dead of Night name for more than a decade and its well-known reputation in the Savannah ghost-tour market.

---

[1] Exhibit A – Screenshot of TripAdvisor review dated November 6, 2012, titled "Dead of Night Tour", referencing Ghost City Tours' Dead of Night Ghost Tour in Savannah, Georgia.

Exhibit B – Screenshot of TripAdvisor review dated July 1, 2013, titled "Dead of Night Tour with Skippy – Excellent Tour".

Exhibit C – Screenshot of TripAdvisor review dated November 11, 2013, titled "Dead of Night Tour – I Highly Recommend It!".

18.

Indeed, Ghost City has already received reports of consumer confusion and misdirected reviews and complaints attributed to its Dead of Night Ghost Tour that in fact relate to Defendants' offerings. Such incidents demonstrate actual marketplace confusion and the risk of reputational harm that arises from Defendants' continued use.

19.

On October 17, 2025, Ghost City, through undersigned counsel, issued a written demand letter to Defendants detailing Ghost City's prior use of the Dead of Night mark and the resulting consumer confusion, and requesting that Defendants immediately cease all infringing activity. The letter was transmitted by FedEx to Defendants' registered office in New Orleans, Louisiana, their operational location in Savannah, Georgia (as listed with the Georgia Secretary of State), and their principal business office in Gettysburg, Pennsylvania (as reflected in multiple state filings). True and correct copies of the letter and the corresponding FedEx transaction records reflecting these deliveries are attached as Exhibit D.

20.

Defendants' conduct has caused and will continue to cause irreparable harm to Ghost City's reputation, brand identity, and goodwill unless enjoined. The injury cannot be adequately remedied by monetary damages alone, as the ongoing confusion diminishes the distinctiveness of Ghost City's Dead of Night name and erodes consumer trust built over more than a decade of continuous use.

## V. CAUSES OF ACTION

### COUNT ONE – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

21.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

22.

Defendants' use in commerce of the designation "Ultimate Dead of Night Haunted Ghost Tour" and other names incorporating the words Dead of Night for ghost-tour services constitutes a false designation of origin, false or misleading description, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23.

Plaintiff's Dead of Night tour was first offered in commerce at least as early as 2012, as reflected in consumer reviews published that year and thereafter (see Exhibits A–C).

24.

Plaintiff Ghost City is the senior and continuous user of the Dead of Night name in connection with ghost-tour services in Savannah, Georgia, having offered and promoted its Dead of Night Ghost Tour since at least 2012. Through long, uninterrupted, and exclusive use, the Dead of Night name has come to identify Ghost City as the source of those services and has acquired distinctiveness and secondary meaning among consumers and within the tourism industry.

25.

Defendants US Ghost Adventures, LLC and Lance Zaal, acting in concert, have used the phrase Dead of Night in commerce for substantially identical ghost-tour services offered in the same geographic area and to the same class of consumers. Defendants' adoption and use of this name in the title of their "Savannah Terrors Ultimate Dead of Night Haunted Ghost Tour" are likely to cause confusion, mistake, or deception among the public as to the affiliation, connection, or association of Defendants' services with Ghost City, or as to the origin, sponsorship, or approval of Defendants' services by Ghost City.

26.

On October 17, 2025, Ghost City, through counsel, sent a written demand letter to Defendants notifying them of Ghost City's senior use and goodwill in the Dead of Night name and requesting that they immediately cease their infringing conduct. Despite this notice, Defendants continued to market and sell tours under the infringing name. A true and correct copy of this letter is attached as Exhibit D.

27.

Representative examples of Defendants' infringing listings and marketing materials are attached as Exhibits E–I, showing Defendants' use of the Dead of Night wording in connection with their competing ghost-tour services on their website, Google search results, and TripAdvisor listings.

28.

Defendants' conduct has already caused actual confusion and diverted sales and bookings from Ghost City to Defendants through consumer misdirection and mistaken association. Even absent proof of actual confusion, Defendants' use of the same core Dead of

Night wording for identical services creates a likelihood of confusion as to source, affiliation, and sponsorship within the meaning of Section 43(a).

29.

Defendants' acts were undertaken willfully, with knowledge of Ghost City's prior and continuous use of the Dead of Night mark, and with the intent to trade on Ghost City's goodwill and reputation.

30.

As a direct and proximate result of Defendants' unlawful conduct, Ghost City has suffered and will continue to suffer irreparable injury, including loss of goodwill, injury to reputation, diminution in brand distinctiveness, and diversion of sales. Monetary damages alone cannot adequately compensate for this harm.

31.

Ghost City is entitled to injunctive relief under 15 U.S.C. § 1116, an accounting of Defendants' profits and damages under 15 U.S.C. § 1117(a), and recovery of its attorney's fees and costs due to the willful and deliberate nature of Defendants' infringement.

**COUNT TWO – STATE-LAW UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES (O.C.G.A. §§ 10-1-372(a), 10-1-393(b); Common Law Unfair Competition)**

32.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

33.

This Count arises under Georgia statutory and common law, including the Georgia Uniform Deceptive Trade Practices Act (UDTPA), O.C.G.A. §§ 10-1-370 et seq., the Georgia

Fair Business Practices Act (FBPA), O.C.G.A. §§ 10-1-390 et seq., and the common law of unfair competition.

34.

Under Georgia law, trademark infringement and unfair-competition claims turn on whether a likelihood of confusion exists. A plaintiff holding prior rights to a mark or name must show (1) that it has superior rights in that name and (2) that the defendant adopted a confusingly similar name likely to mislead consumers as to source, sponsorship, or affiliation. See Angel Flight of Georgia, Inc. v. Angel Flight America, Inc., 522 F.3d 1200 (11th Cir. 2008); CCA & B, LLC v. F + W Media Inc., 819 F. Supp. 2d 1310 (N.D. Ga. 2011).

35.

Plaintiff Ghost City Tours of Georgia, LLC possesses prior and superior rights in the name "Dead of Night Ghost Tour", which it has used continuously since at least 2012 in connection with its Savannah-based ghost-tour services. Defendants' subsequent adoption and commercial use of the confusingly similar phrase "Savannah Terrors Ultimate Dead of Night Haunted Ghost Tour" for identical services in the same geographic market constitutes passing off and misrepresentation under O.C.G.A. § 10-1-372(a)(1)–(3) and O.C.G.A. § 10-1-393(b)(1)–(3).

36.

Defendants' conduct has caused, and continues to cause, a likelihood of confusion among consumers regarding the origin, affiliation, or sponsorship of Defendants' services, and constitutes unfair competition under Georgia common law. Georgia courts routinely interpret these statutes in harmony with federal law, and the same operative facts that support

liability under the Lanham Act § 43(a) likewise establish Defendants' violations of Georgia statutory and common-law unfair-competition provisions.

37.

Furthermore, Defendants' continued use of the Dead of Night name after receiving Plaintiff's written demand demonstrates willful disregard for Plaintiff's rights and bad faith within the meaning of O.C.G.A. § 10-1-372(a)(12) (engaging in any conduct creating a likelihood of confusion or misunderstanding). The acts described herein also constitute deceptive representations regarding the sponsorship, characteristics, and affiliation of Defendants' services in violation of O.C.G.A. § 10-1-393(b)(5).

38.

As a direct and proximate result of Defendants' wrongful conduct, Ghost City has suffered irreparable harm, including injury to business reputation, loss of goodwill, and dilution of the distinctiveness of its Dead of Night name. These injuries are precisely the type that Georgia's unfair-competition and deceptive-trade-practices statutes were enacted to prevent. See McHugh Fuller Law Group v. PruittHealth, Inc., 300 Ga. 140 (2016) (acknowledging that O.C.G.A. § 10-1-451(b) and related provisions protect against injury to business reputation through unauthorized use of another's mark).

39.

Accordingly, Plaintiff seeks relief under Georgia law, including injunctive relief under O.C.G.A. § 10-1-373(a); an award of attorneys' fees and costs for willful deceptive trade practices pursuant to O.C.G.A. § 10-1-373(b)(2); and—to the extent the Georgia Fair Business Practices Act is deemed applicable and its prerequisites satisfied—fees and costs under

O.C.G.A. § 10-1-399(d); together with such further equitable and monetary relief as the Court deems just and proper.

**COUNT THREE – INJURY TO BUSINESS REPUTATION AND LIKELIHOOD OF CONFUSION (O.C.G.A. § 10-1-372(a)(12))**

40.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

41.

Defendants' unauthorized use of the phrase "Dead of Night" in connection with their competing ghost-tour services constitutes deceptive trade practices under O.C.G.A. § 10-1-372(a)(12). That provision prohibits "any other conduct which similarly creates a likelihood of confusion or of misunderstanding" in the marketplace.

42.

Through more than a decade of continuous and exclusive use, Plaintiff's Dead of Night Ghost Tour name has become a distinctive identifier of Ghost City's services, carrying substantial goodwill and recognition among consumers. Defendants' use of nearly identical wording for the same services in the same market creates a likelihood of confusion and causes injury to Ghost City's business reputation by blurring and weakening the distinctiveness of its name.

43.

Defendants' actions also tarnish Ghost City's reputation by associating its established mark with a competing and potentially inferior offering, thereby undermining the quality perception and goodwill that Ghost City has cultivated since 2012. These injuries are precisely those the Georgia Uniform Deceptive Trade Practices Act was intended to prevent.

13

44.

Pursuant to O.C.G.A. § 10-1-373(a)–(b)(2), Ghost City is entitled to injunctive relief, an award of attorney's fees and costs for Defendants' willful deceptive trade practices, and such further equitable relief as this Court deems just and proper.

45.

Plaintiff reserves the right to amend this Complaint to assert a statutory trademark-dilution claim under O.C.G.A. § 10-1-451(b) upon issuance of its Georgia service-mark registration.

**COUNT FOUR – INJUNCTIVE RELIEF (Lanham Act § 34, 15 U.S.C. § 1116; O.C.G.A. § 10-1-373; Fed. R. Civ. P. 65)**

46.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

47.

Pursuant to 15 U.S.C. § 1116, O.C.G.A. § 10-1-373, and Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks temporary, preliminary, and permanent injunctive relief restraining Defendants from continued use of Plaintiff's "Dead of Night" name and any other designation likely to cause confusion or otherwise diminish the distinctiveness Ghost City has acquired through long use.

48.

Defendants' ongoing infringement and unfair-competition activities have caused, and will continue to cause, irreparable harm to Ghost City's business reputation, goodwill, and brand distinctiveness. Monetary damages alone cannot fully remedy this harm because consumer confusion and loss of reputation are inherently difficult to quantify. Under 15

U.S.C. § 1116(a), upon a finding of likelihood of success on the merits of its trademark claim, Ghost City is entitled to a presumption of irreparable harm.

49.

Ghost City has a substantial likelihood of success on the merits, as it holds prior and superior rights to the Dead of Night name and has established that Defendants are using a confusingly similar designation for identical services in the same market. The balance of equities strongly favors Ghost City, which seeks only to protect its established mark and goodwill, whereas Defendants would suffer no legitimate hardship from ceasing unlawful conduct. Entry of an injunction also serves the public interest, which favors preventing consumer confusion and maintaining integrity in commercial markets.

50.

Ghost City therefore requests that this Court issue a temporary restraining order and preliminary injunction enjoining Defendants, their officers, agents, servants, employees, representatives, successors, assigns, and all others acting in concert with them from:

1. Using the words "Dead of Night", or any confusingly similar mark or phrase, in connection with ghost-tour or related entertainment services;
2. Advertising, promoting, or offering for sale any such services under that or any similar designation;
3. Maintaining or publishing any online content, listings, or advertisements incorporating the infringing wording; and
4. Otherwise engaging in any conduct that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Ghost City.

51.

Upon final adjudication, Ghost City further requests entry of a permanent injunction prohibiting Defendants from any future use of the Dead of Night name or any confusingly similar variation, and directing Defendants to remove, delete, or destroy all materials bearing the infringing wording.

52.

Plaintiff also seeks an award of its reasonable attorney's fees and costs incurred in connection with obtaining injunctive relief pursuant to 15 U.S.C. § 1117(a) and to the extent applicable O.C.G.A. § 10-1-399(d), and such other and further equitable relief as this Court deems just and proper.

**COUNT FIVE – PERSONAL LIABILITY OF DEFENDANT LANCE ZAAL**

**(Direct Participation and Control in Infringing Conduct)**

53.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

54.

Defendant Lance Zaal is the managing member, registered agent, and controlling principal of US Ghost Adventures, LLC, and upon information and belief, exercises direct authority and control over all major business, marketing, and operational decisions of the company, including those relating to the naming, promotion, and sale of the infringing "Ultimate Dead of Night Haunted Ghost Tour."

55.

Zaal personally authorized, directed, approved, and participated in the selection and use of the infringing Dead of Night designation and oversaw the marketing and publication of that tour name on Defendants' websites, booking platforms, and social media accounts.

56.

Zaal had actual knowledge of Ghost City's prior and continuous use of the Dead of Night mark, as evidenced by the October 17, 2025 demand letter sent to him as registered agent and company principal. Despite that notice, Zaal deliberately allowed and instructed the company to continue its infringing conduct.

57.

Because Zaal personally participated in, directed, and controlled the wrongful acts alleged in this Complaint, he is individually liable under the Lanham Act, Georgia statutory law, and Georgia common law for false designation of origin and unfair competition.

58.

Zaal's personal participation and willful disregard for Ghost City's rights render him jointly and severally liable for all damages, profits, and injunctive obligations arising from the infringing conduct of US Ghost Adventures, LLC.

59.

Plaintiff therefore seeks judgment against Lance Zaal, individually, for all relief sought herein, including injunctive relief, accounting of profits, actual and statutory damages, attorney's fees, and costs.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ghost City Tours of Georgia, LLC respectfully prays that judgment be entered in its favor and against Defendants US Ghost Adventures, LLC and Lance Zaal, jointly and severally, as follows:

1. That the Court issue a temporary restraining order and preliminary injunction pursuant to 15 U.S.C. § 1116, O.C.G.A. § 10-1-373, and Fed. R. Civ. P. 65, restraining Defendants, their officers, agents, servants, employees, representatives, successors, assigns, and all persons acting in concert with them from:

    a) Using the words "Dead of Night", or any confusingly similar mark or phrase, in connection with ghost-tour or related entertainment services;

    b) Advertising, marketing, or promoting any such services under that or any similar designation;

    c) Maintaining, publishing, or distributing any online listings, advertisements, or promotional materials containing the infringing wording; and

    d) Engaging in any other conduct likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

2. That, upon final adjudication, a permanent injunction be entered enjoining Defendants from any further use of the Dead of Night mark or any confusingly similar variation, and directing Defendants to remove, delete, or destroy all materials bearing the infringing wording.

3. That the Court order Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after entry of the injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

4. That the Court order an accounting and disgorgement of all profits realized by Defendants as a result of their unlawful conduct, pursuant to 15 U.S.C. § 1117(a) and applicable Georgia law.

5. That Plaintiff be awarded all damages sustained by reason of Defendants' acts of infringement and unfair competition, including enhanced or trebled damages under 15 U.S.C. § 1117(a) for willful conduct.

6. That Plaintiff be awarded its reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1117(a) and O.C.G.A. § 10-1-373(b)(2) (and, to the extent applicable, O.C.G.A. § 10-1-399(d)).

7. That the Court order Defendants to deliver up for destruction all signs, advertisements, labels, packaging, digital files, or other materials bearing the infringing Dead of Night wording or any simulation thereof.

8. That the Court award Plaintiff pre- and post-judgment interest as permitted by law.

9. That the Court grant such other and further relief, legal or equitable, as it deems just, proper, and necessary to prevent and remedy Defendants' unlawful conduct.

## VII. JURY DEMAND

Plaintiff respectfully requests trial by jury on all issues so triable.

[Attorney Signature on Following Page]

Respectfully submitted,

JONES FUSSELL, L.L.P.

By: /s/ Andrew J. Walker
    Andrew J. Walker #39056
    P.O. Box 1810
    Covington, LA  70434
    Telephone:  985-893-4801
    Facsimile:  985-235-4327
    E-mail: awalker@jonesfussell.com
    ***Attorney for Ghost City Tours of Georgia, LLC***