**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GHOST CITY TOURS OF GEORGIA, LLC,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO. 25-cv-2332** |
| | ) | |
| **v.** | ) | **JUDGE: SARAH S. VANCE** |
| | ) | |
| **US GHOST ADVENTURES, LLC, and** | ) | **MAGISTRATE: EVA J. DOSSIER** |
| **LANCE ZAAL,** | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANTS LANCE ZAAL AND US GHOST ADVENTURES, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLANTIFF'S COMPLAINT**

Defendants US Ghost Adventures, LLC ("Ghost Adventures") and Lance Zaal ("Zaal") (collectively, "Defendants"), by counsel, submit this Answer and Affirmative and Other Defenses to the Complaint of Plaintiff Ghost City Tours of Georgia, LLC ("Plaintiff"), as follows:

**DEFENDANTS' ANSWER**

Defendants deny all allegations in Plaintiff's Complaint that are not specifically and expressly admitted herein. To the extent any heading or section in Plaintiff's Complaint alleges facts, those facts are denied unless expressly admitted herein.

Defendants, in response to the correspondingly-numbered paragraphs of Plaintiff's Complaint, state as follows:

**I.    PRELIMINARY STATEMENT**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

2. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

## II.    JURISDICTION AND VENUE

4. The allegations of Paragraph 4 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants deny that any acts or omissions giving rise to a cause of action in favor of Plaintiff have occurred.

5. The allegations of Paragraph 5 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants deny that any acts or omissions giving rise to a cause of action in favor of Plaintiff have occurred.

6. The allegations of Paragraph 6 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants do not presently contest personal jurisdiction but deny that any acts or omissions giving rise to a cause of action in favor of Plaintiff have occurred.

7. The allegations of Paragraph 7 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Zaal is an individual domiciled in the State of Louisiana and is the registered agent, managing member, and controlling principal of Ghost Adventures. As for the remainder of the allegations in Paragraph 7, Defendants do not presently contest personal jurisdiction but deny that any acts or omissions giving rise to a cause of action in favor of Plaintiff have occurred.

2

8. The allegations of Paragraph 8 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants do not presently contest venue but deny that any acts or omissions giving rise to a cause of action in favor of Plaintiff have occurred.

9. The allegations of Paragraph 9 of Plaintiff's Complaint consist of jurisdictional statements and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

### III.    PARTIES

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12. In response to the allegations in Paragraph 12, Defendant admits only that Zaal is an individual domiciled in the State of Louisiana and that Zaal is the managing member, registered agent, and controlling principal of Ghost Adventures. The remaining allegations in Paragraph 12 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

### IV.    FACTUAL BACKGROUND

13. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

16. Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same. Defendants specifically deny the assertion that "[s]uch incidents demonstrate actual marketplace confusion and the risk of reputational harm that arises from Defendants' continued use."

19. Defendants admit that Plaintiff sent a purported written demand letter. Defendants deny that the letter had any legal or factual basis and deny the remaining allegations of this paragraph.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

### V.    CAUSES OF ACTION

### COUNT ONE – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

21. Defendants reassert their responses to paragraphs 1-20 of Plaintiff's Complaint as if fully restated herein.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit that Plaintiff sent a purported written demand letter. Defendants deny that the letter had any legal or factual basis and deny the remaining allegations of this paragraph.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

29. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

30. Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 31 of Plaintiff's Complaint.

**COUNT TWO – STATE-LAW UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES (O.C.G.A. §§ 10-1-372(a), 10-1-393(b); Common Law Unfair Competition)**

32. Defendants reassert their responses to paragraphs 1-31 of Plaintiff's Complaint as if fully restated herein.

33. In response to the allegations in Paragraph 33 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to bring this action under Georgia statutory and common law, including the Georgia Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. §§ 10-1-370 et seq., the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. §§ 10-1-390 et seq., and the common law of unfair competition. Defendants deny that they have violated UDTPA, FBPA, the common law of unfair competition or any other law, and further deny that Plaintiff is entitled to any relief.

34. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of Paragraph 35 of Plaintiff's Complaint.

36. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph. Defendants specifically deny that their conduct "has caused, and continues to cause, a likelihood of confusion among consumers regarding the origin, affiliation, or sponsorship of Defendants' services, and constitutes unfair competition under Georgia common law."

37. Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 39 of Plaintiff's Complaint.

## COUNT THREE – INJURY TO BUSINESS REPUTATION AND LIKELIHOOD OF CONFUSION (O.C.G.A. §10-1-372(a)(12))

40. Defendants reassert their responses to paragraphs 1-39 of Plaintiff's Complaint as if fully restated herein.

41. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

42. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

43. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

44. Defendants deny the allegations of Paragraph 44 of Plaintiff's Complaint.

45. This paragraph contains a reservation of rights to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

**COUNT FOUR – INJUNCTIVE RELIEF (Lanham Act § 34, 15 U.S.C. § 1116; O.C.G.A. § 10-1-373; Fed. R. Civ. P. 65)**

46. Defendants reassert their responses to paragraphs 1-45 of Plaintiff's Complaint as if fully restated herein.

47. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph since Defendants have ceased use of the "Dead of Night" name and are not using a confusingly similar variation.

48. Defendants deny the allegations of Paragraph 48 of Plaintiff's Complaint since Defendants have ceased use of the "Dead of Night" name and are not using a confusingly similar variation.

49. Defendants deny the allegations of Paragraph 49 of Plaintiff's Complaint since Defendants have ceased use of the "Dead of Night" name and are not using a confusingly similar variation.

50. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph since Defendants have ceased use of the "Dead of Night" name and are not using a confusingly similar variation.

51. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph since Defendants have ceased use of the "Dead of Night" name and are not using a confusingly similar variation.

52. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph since Defendants have ceased use of the "Dead of Night" name and are not using a confusingly similar variation.

**COUNT FIVE – PERSONAL LIABILITY OF DEFENDANT LANCE ZAAL (Direct Participation and Control in Infringing Conduct)**

53. Defendants reassert their responses to paragraphs 1-52 of Plaintiff's Complaint as if fully restated herein.

54. Defendants admit that Zaal is the managing member, registered agent, and controlling principal of US Ghost Adventures, LLC. The remaining allegations in Paragraph 54 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

55. Defendants deny the allegations of Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations of Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations and legal conclusions of Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations and legal conclusions of Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 59.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF AND JURY DEMAND**

Defendants deny that Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

The Jury Demand at the conclusion of Plaintiff's Complaint requires no response. Defendants also demand trial by jury on any issue so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

Without any admission as to the burden of proof, Defendants assert the following affirmative and other defenses. Defendants expressly reserve the right to amend their Answer and/or raise additional defenses and/or counterclaims as additional information becomes available

through further investigation and discovery. Defendants also expressly reserve their right to offer all facts and evidence showing that Plaintiff's alleged trademarks are invalid, that Defendants' products are genuine or otherwise non-infringing, that Defendants are not otherwise liable for Plaintiff's claims, and that Plaintiff is not entitled to damages, injunctive relief or any other relief.

As and for their affirmative defenses, Defendants state as follows:

1. Plaintiff fails to state a claim against Defendants upon which relief can be granted.

2. Defendants are improper parties to this action. Ghost Adventures is not committing and has not committed any acts that would give rise to a viable trademark infringement claim, unfair competition claim, false designation of origin claim, related state law claims, or any other claim. Zaal is improperly named as all actions allegedly taken were taken in his capacity as an officer and there is no basis for personal liability against him.

3. Plaintiff's claims are barred on the ground of no likelihood of confusion.

4. Plaintiff's claims are barred in whole or in part under the doctrines of waiver, laches, estoppel, acquiescence and/or the applicable statute of limitation. Plaintiff has unreasonably delayed efforts to enforce its claimed rights, despite actual and/or constructive knowledge of Defendants' action. Plaintiff has been aware of the acts about which Plaintiff complains since at least as early as 2023 but failed to object in any manner until the demand letter dated October 17, 2025 and failed to file a lawsuit until November 17, 2025. Plaintiff's delay in attempting to enforce his trademark rights is unjustified, unreasonable and has caused Defendants significant prejudice.

5. Plaintiff's claims are barred in whole or in part by the doctrine of abandonment.

6. Plaintiff's claims are barred in whole or in part by the doctrine of unenforceability.

7. Plaintiff's claims are barred in whole or in part based on the doctrine of unclean hands.

8. Plaintiff's claims are barred in whole or in part because it possesses no rights in the alleged trademarks, and those marks are invalid, or otherwise limited in scope and/or enforceability.

9. The unregistered "The Dead of Night Ghost Tour" mark described in Plaintiff's Complaint is invalid and unenforceable because it is merely descriptive and lacks secondary meaning in the market.

10. To the extent, if any, that Defendants have used any name, trademark, or brand similar to any matter in which Plaintiff has alleged rights, such matter has been used fairly and in good faith and was not likely to cause consumer confusion or unfairly compete with Plaintiff. The written demand letter referred to in Plaintiff's complaint was dated October 17, 2025. It was not received by Defendants until November 3, 2025. Further, Zaal was traveling the week of November 3-10. Therefore, Defendants expeditiously changed the name of their tour service within sixteen (16) days of receiving the written demand letter referenced in Plaintiff's Complaint.

11. Plaintiff's claims are barred by the doctrine of nominative fair use.

12. Plaintiff is precluded from any monetary recovery, in part, because it has not suffered any actual harm and Defendants' alleged conduct was not willful.

13. Defendants' conduct alleged in the Complaint is not unfair, unlawful, or fraudulent or likely to mislead or deceive consumers and/or the public.

14. Plaintiff's claims for injunctive relief are moot because the alleged injury is not immediate or irreparable. In fact, Defendants expeditiously removed the "Dead of

10

Night" verbiage from their Savannah, Georgia tour offerings within sixteen (16) days of receiving the written demand letter.

15. Plaintiff's Complaint is barred, in whole or in part, because of a failure to mitigate, if such damages exist.

16. Any award in this action would constitute unjust enrichment of Plaintiff.

17. Any and all acts alleged to have been committed by Defendants were performed with lack of knowledge and lack of willful intent.

18. Plaintiff cannot recover attorney's fees, costs or expenses against Defendants under 15 U.S.C. § 1117(a) and applicable Georgia law or otherwise.

19. To the extent that Plaintiff has incurred any damages, which Defendants deny, Defendants' conduct was not the legal or proximate cause of those damages.

20. Defendants reserve the right to assert any other defense that comes to light during the discovery of this action and to amend this Answer upon the discovery of a factual basis for any such defense.

21. Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which may now exist or in the future be available based on investigation or discovery.

## DEFENDANTS' JURY DEMAND

Pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, Defendants demand trial by jury on any and all issues so triable.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, and against Plaintiff as follows:

11

A.  Dismissing, with prejudice, Plaintiff's claims against Defendants;

B.  Denying all relief that Plaintiff seeks in its Complaint;

C.  Declaring that Defendants are the prevailing party and that this case is exceptional under 15 U.S.C. § 1117, based on the lack of substantive merit of Plaintiff's claims, and Plaintiff's unwillingness to discontinue pursuit of this lawsuit despite receiving notice of Defendants' expeditious name change of their tour service and discontinued use of "Dead of Night," and awarding Defendants their attorneys' fees, costs and expenses from Plaintiff; and

D.  Awarding Defendants such additional and further relief as the Court deems just and proper.

Dated: February 6, 2026                    Respectfully submitted,

By: /s/ *Stephen M. Kepper*
Stephen M. Kepper (LA #34618)
INTELLECTUAL PROPERTY
CONSULTING, LLC
400 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Phone: 504-322-7166
Email: skepper@iplawconsulting.com

Attorneys for Defendants
Lance Zaal and US Ghost Adventures, LLC

12

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2026, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notice to all counsel of record:

       Andrew J. Walker
       JONES FUSSELL, L.L.P.
       P.O. Box 1810
       Covington, LA  70434
       Telephone: 985-893-4801
       Facsimile: 985-235-4327
       E-mail: awalker@jonesfussell.com

       Attorney for Ghost City Tours of Georgia, LLC


                    /s/ Stephen M. Kepper

13